

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00803-CV

**IN THE INTEREST OF E.J.S.**, a Child

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 19-041
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: June 10, 2026

APPEAL DISMISSED FOR LACK OF JURISDICTION

This is an attempted restricted appeal from a judgment terminating parental rights. Because appellant does not satisfy one of the jurisdictional requirements for a restricted appeal, we dismiss the appeal for lack of jurisdiction.

### BACKGROUND

Appellant (mother) and appellee (father) are the parents of E.J.S., a minor child. Under the terms of an agreed modification order, appellant was the child's possessory conservator and appellee was the child's sole managing conservator. Both appellant and appellee filed petitions seeking to modify the terms of the agreed modification order. On May 28, 2025, the trial court

signed an order setting the case for final hearing on July 17, 2025. The trial court clerk notified the parties of the setting.

On July 1, 2025, appellant filed a pleading asking the trial court to terminate her parental rights to E.J.S. The pleading, which contains a verification, stated that appellant would not be present at the final hearing. It further asked the trial court to terminate appellant's parental rights in her absence and stated that appellant would no longer participate in the proceedings and would not be available for service, contact, or future litigation.

The following day, the trial court clerk sent an email to appellant asking her to file an affidavit in support of her request for termination of her parental rights. The email, which was sent to the address provided by appellant, was returned with a message stating that appellant's email address was terminated. Appellant did not withdraw her pleading requesting termination, nor did she file a separate affidavit in support of her termination request.

On July 17, 2025, the trial court held a final hearing. Although appellee appeared at the hearing in person and through counsel, appellant did not appear. At the hearing, the trial court asked appellee's counsel to submit a proposed judgment terminating appellant's rights. On September 17, 2025, the trial court signed a judgment terminating appellant's parental rights and denying all other relief requested but not expressly granted.

Appellant did not file a timely notice of appeal challenging the termination judgment. *See* TEX. R. APP. P. 26.1(a) (stating notice of appeal must generally be filed within 30 days after the judgment is signed). However, on December 12, 2025, appellant filed a timely notice of restricted appeal. *See* TEX. R. APP. P. 26.1(c) (requiring notice of restricted appeal to be filed within six months after the judgment is signed).

**DISCUSSION**

To prevail in this restricted appeal, appellant must demonstrate: (1) her notice of restricted appeal was filed within six months of the date of the judgment or order; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not file a timely post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent from the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

In his briefing, appellee urges us to dismiss this appeal because appellant does not satisfy the third requirement for a restricted appeal—non-participation in the hearing that resulted in the judgment. The non-participation requirement is jurisdictional, meaning that an appellant who fails to satisfy it is precluded from challenging the judgment via restricted appeal. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).

Because trial courts decide cases in a myriad of procedural settings, the nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The question is whether the appellant participated in the decision-making event that resulted in the judgment adjudicating appellant's rights. *Id*. Participation in the decision-making event may take place when the appellant signs or otherwise signals her approval of the judgment prior to its entry, even though not present at the hearing where judgment is rendered. *Cox v. Cox*, 298 S.W.3d 726, 731 (Tex. App.—Austin 2009, no pet.); *Pierce v. Abbott*, No. 04-98-00150-CV, 1998 WL 201583, at *1 (Tex. App.—San Antonio 1998, no pet.) (not designated for publication) (concluding party's absence at the hearing where divorce decree was signed did not negate participation, and holding waiver of citation,

making of record, and consenting to terms of divorce decree amounted to participation precluding review by restricted appeal).

In *In re B.H.B.*, 336 S.W.3d 303 (Tex. App.—San Antonio 2010, pet. denied), we held that a similarly situated appellant—a mother who had signed an affidavit requesting termination of her parental rights—participated in the decision-making event that resulted in a termination judgment even though she was not present at the hearing where termination was ordered. In that case, the mother signed a "very detailed affidavit of relinquishment of her parental rights" before the termination lawsuit was filed. *Id*. at 305. Her affidavit included statements that she "freely and voluntarily relinquish[ed] to [father] all [her] parental rights and duties" and "fully underst[ood] that a lawsuit will be promptly filed in a court of competent jurisdiction to forever terminate the parent-child relationship between [her] and [her] children." *Id*. at 305-06. Her affidavit also stated that the mother did not want to be informed about the lawsuit any further and she agreed that a final hearing could be held at any time without further notice to her. *Id*. at 306. On these facts, we concluded that the mother signaled her agreement to the termination by signing the affidavit of relinquishment. *Id*. We explained that the mother's affidavit "made the termination possible." *Id*. Because the mother participated in the decision-making event that resulted in the termination judgment, we held that she did not satisfy the non-participation requirement for a restricted appeal and we dismissed her appeal for lack of jurisdiction. *Id*.

Here, appellant filed a pleading titled "Petition for Voluntary Termination of Parental Rights," which stated:

> There is a hearing scheduled on July 17, 2025. I will not be appearing. I will no longer participate in these proceedings. I will not be available for service, contact, or future litigation.
>
> I consent to the Court terminating my parental rights at that hearing in my absence.

. . . .

> I understand this decision is permanent. I understand I will lose all legal rights to my [child], including custody, visitation, decision-making, and access.
>
> . . . .
>
> WHEREFORE, PREMISES CONSIDERED, I, [appellant], respectfully request the Court:
>
> 1.  GRANT this Petition for Voluntary Termination of Parental Rights;
>
> 2.  TERMINATE my parental rights to [E.J.S.] at the July 17, 2025 hearing without requiring my appearance. . . .

Below a paragraph with the heading "Verification," appellant electronically signed the pleading "under penalty of perjury."

After filing her termination pleading, appellant underscored the finality of her request by discontinuing her email address, thereby preventing any communications from the trial court clerk. Appellant never withdrew her termination pleading. Consistent with the representations in her pleading, appellant did not appear at the July 17, 2025 hearing.

In her reply brief, appellant attempts to distinguish her case from *In re B.H.B.* by focusing on the type of document she signed. Appellant points out that, unlike the mother in *In re B.H.B.*, she did not sign an affidavit of voluntary relinquishment of parental rights pursuant to section 161.103 of the Texas Family Code.[1] *See* TEX. FAM. CODE § 161.103. However, our analysis *In re B.H.B.* was not based on the affidavit's compliance with section 161.103. In fact, our opinion made no mention of section 161.103. Instead, our analysis was based on the contents of the mother's affidavit and whether the mother signaled her agreement to the termination of her parental rights by signing that document. Both the mother in *In re B.H.B.* and the appellant in the present case

---

[1]Titled "Affidavit of Voluntary Relinquishment of Parental Rights," section 161.103 sets out the procedural and substantive requirements for an affidavit of voluntary relinquishment of parental rights. *See* TEX. FAM. CODE § 161.103.

signed documents that unequivocally communicated their requests for termination of their parental rights and demonstrated their understanding of the consequences of their requests. The fact that appellant asked for termination of her parental rights in a pleading instead of an affidavit is not determinative. Like the affidavit signed by the mother in *In re B.H.B.*, appellant's pleading "made the termination possible." *See* 336 S.W.3d at 306. Appellant's unwithdrawn signed pleading asking for termination of her parental rights was the catalyst for the trial court's termination judgment.

We conclude appellant participated in the decision-making event that resulted in the termination judgment. *See id*.; *Pierce*, 1998 WL 201583, at *1 (holding that by waiving citation and the making of a record and consenting to terms of divorce decree, party participated in the proceedings to an extent sufficient to preclude her from obtaining appellate review by restricted appeal). Because appellant does not satisfy the non-participation requirement for a restricted appeal, this appeal is dismissed for lack of jurisdiction.

Adrian A. Spears II, Justice